and Matthew Johns, 21-13565. Mr. Starks, you have reserved five minutes for rebuttal. You trial court improperly dismissed, ignored, and disregarded material evidence that would have allowed a reasonable jury to conclude that the city, through its police department, was deliberately indifferent to the constitutional rights of citizens to be free from excessive force during an arrest. And I submit to this court that the answer to that question is yes. The trial court fundamentally strayed from the standards that govern summary judgment. And while the trial court was correct in determining that there was a Fourth Amendment violation, the trial court accurately summarized the encounter between Officer Johns and Antrevious Payne. But as it relates to the trial court's assessment of the facts relating to the claims against the city of Atlanta, as it relates to the trial court's application of the law to those claims, the trial court fundamentally strayed from all of the basic principles of summary judgment. Well, let's engage with some of the evidence that you've pointed to in this Monell liability claim. One of them is that Officer Johns had testified that he believed that his behavior conformed to APD policy, correct? That is correct. Okay, but they have a written policy and their training complies with that policy. They have a PowerPoint presentation that's used for training. They do not have a written policy that says what the court said. The city of Atlanta has a written policy that says no excessive force when you're apprehending a fugitive. Okay. So Officer Johns, who is certainly the officer at issue here, has said, I think what I did complied with official policy. Did he identify, when he made that statement, did he say what city policy he thought he was complying with? Yes, he did. I did not see that in his deposition. I saw that they asked him, do you think you complied with city policy? And he said yes. What did he say in his deposition or otherwise? What was the policy that he identified? Sure. What he spoke to was a policy that's not an express written policy, but training regarding use of force. In this case, less lethal force. He spoke about compliance strikes and how the city had taught him that he could use compliance strikes whenever a suspect was not being compliant. Okay. So that's what I'm trying to get at. So he's saying I think I did comply with the city policy that permits me, when I have a resisting suspect, to do compliance strikes. How is that an impermissible city policy? Of course, we would expect that he would say I complied with city policy. But I'm trying to get at, we have to figure out what this policy is that the city of Atlanta had that is constitutionally impermissible. And I'm asking you to identify that. The policy in question is not, in fact, a policy at all. This is not a case that is premised on the city of Atlanta having an explicit policy that's in writing, which we are facially challenging. That is not... No, and I understand that. This is a case that is premised on the fact that there is no written policy. However, there is training. And through that training, officers are essentially being taught that they can hit first, that they should be offensive. So the policy that you are talking about in your expert witness reference and APD PowerPoint presentation that did not, to my understanding, say hit first, it said hit back first. Why is that back not a critical word which suggests that when you have been hit, an officer can hit back? And surely that's not the policy you're questioning. Because the standard for use of force, physical force, as defined by this circuit, the Potham case specifically, that standard enumerates a number of different factors. It's not simply whether or not the suspect is resisting. So I would submit to the court that if a suspect in the course of an arrest were to hit an officer and then submit to that officer's authority, it would not be constitutional for that officer to strike that suspect back in retaliation. But don't you have to establish to us that the city's policy was that officers can use force on non-resisting suspects? No, I don't have to establish that, Your Honor. And perhaps this was the same confusion that the trial court had. This case is premised on the fact that the city hired an officer who within a year out of the Marine Corps, they never diagnosed him, they never evaluated him. They evaluated him and they determined that he did not have, I mean, he was not given a diagnosis of PTSD. You are questioning whether the evaluation of this officer candidate at the time was sufficient, but they did perform a psychological evaluation. They did not evaluate him for PTSD. And in this case... But they evaluated him and PTSD did not come up. No, Your Honor. He was not specifically evaluated. There's a test or a series of tests that can be administered for PTSD. He was not given those series of tests. And now we have the city that says, he has PTSD, he's not fit to serve. I want to make sure I understand your argument. Is your argument that the city's custom of not vigorously testing veterans for PTSD is unconstitutional? That is part of the argument. The argument starts with the history of Matthew Johns and him not being evaluated for PTSD. For the Monell claim though, we have to have a city policy because obviously, as I understand, he has been personally held liable for the very horrific things that happened here. But we have to find that the city is at fault because there is a policy that essentially led to this. That is not correct, Your Honor. That is one of the ways a Monell claim can be proven through a city policy. That is not our contention. We are not saying the city has an explicit policy that is unconstitutional. What we're saying is that there is a custom and a practice within the city of Atlanta of not doing certain things relating to PTSD. Okay, so you're right. It doesn't have to be an official policy. But then are you saying that the city's custom and practice of not vigorously testing veteran officers for PTSD is unconstitutional? Yes, I'm saying it is evidence of deliberate indifference combined with the training that is provided to its officers regarding use of physical force, combined with the lack of discipline of Officer Johns, who before this incident had four other incidents where he had used arguably excessive force. Suppose we agree with you. Suppose we say the city failed in evaluating psychologically Officer Brown. The city failed in training him and failed in monitoring him after he was put on the streets to serve. Without more, without evidence that the city failed to train other officers, without evidence that the city failed to psychologically appropriately evaluate other officer candidates, and that the city failed to continue to monitor once other officers were on the street, without that, how do you win? If it's just Officer Johns, there were some failures with Officer Johns, how is that enough? Monell does not require, Your Honor, that we have the kind of evidence that the court just described in order to show deliberate indifference. We could have a Monell claim based on custom and usage that's premised entirely on the record of Matthew Johns, his disciplinary record leading up to this incident. There is no case law that says you have to show that other officers in the department did exactly the same thing. That is not what Monell requires. Do you have a case where a court has found a custom based only on looking at what happened with the particular officer in question? Sure, there are cases that I've cited in my brief that I do believe give the analysis that's focused on a particular officer's disciplinary history as opposed to what about every officer. What's your best case for that principle? Well, I don't submit to the court that the best case for that would be the case of Favors versus the City of Atlanta. It was a case that's very much like this case where the Court of Appeals looked at the way the district court dealt with the facts. I'm not saying we win at trial. What I'm saying is that we had sufficient facts for a jury to look at the PTSD, the fact that he never got placed in their early warning system. The early warning system is based on if you have a certain number of use of force incidents, we're going to pull you into our system so that we can counsel you, evaluate you, to make sure you don't commit a constitutional violation. That wasn't done. You have now exceeded your time. You do have five minutes on rebuttal. Thank you. Yes, ma'am. Ms. Miller. May it please the Court. My name is Stacy Miller, and I represent the Appellee City of Atlanta. In this case, there is no evidence of a policy, practice, or custom of unconstitutional behavior in the use of excessive force against a compliant suspect. Under Section 1983 in Monell jurisprudence, the appellants must prove that there is a policy, practice, or custom of unconstitutional behavior, and that behavior is the moving force behind their injury. This is a high standard to meet. Negligence or even heightened negligence will not meet that standard. Here, appellants have alleged a widespread and persistent failure to train and supervise officers in the Atlanta Police Department, a widespread and persistent policy and practice that accommodates excessive force, and a widespread and persistent deliberate indifference to the unconstitutional actions of its officers. However, this is, just as the District Court held, a theory. I'll start with the persistent and widespread failure to train. As Your Honor has acknowledged, there is training. There is many hours of training, specifically on use of force, even above and beyond what the State requires by the Atlanta Police Department. Let's look at the slide. He referred to it as the hit back or the hit slide, but it's a hit back first slide. Am I correct that that word back matters, that it's how the training involves when it is appropriate, in fact, for an officer to use force when the officer has encountered force in arresting a suspect? Yes, Your Honor, that's correct. And if you look at the slide, the very first line says react to the threat of violence, not the violence itself. So here we have a threat of violence, which is a noncompliant suspect, and you can react to that, or the officers can react to that threat and hit them back to make sure that they can take that specific suspect into custody. What we have here is one line in a slide that has 67 slides. This is not a policy. The policy, the Atlanta Police Department SOP 3010 on the use of force, specifically says that officers can only use force that is reasonable and necessary in conducting an arrest. These particular slides and this line goes to when that force is necessary and when to use it. And it's not against a compliant suspect. It is against a suspect who has threatened violence or is actually using violence against the officer. I have a question on a different issue. Why didn't you address the early warning system at all in your brief? Do you not think that that advances Mr. Brown's claims? Yes. We believe that that lends some evidence to their claim. However, once you move further into the early warning system, what the law requires is that there is a deliberate indifference. So there is a knowledge of actions that are violative of the Constitution, and that although the department knows about that specific violation, they have done nothing to correct that particular issue. What we have here is, unfortunately, an incident that slipped through the cracks. We have an early warning system in place, which means that Atlanta Police Department is trying to catch instances where an officer has in some way been alleged or accused of violating the SOPs. However, this particular instance, when Mr. Johns had two instances in a seven-year period, was not caught. And so the issue that we have here is not a deliberate indifference to not address issues in Mr. Johns' past, but it was at most a negligent oversight in terms of not catching the three incidents within that seven-year period. Was there any evidence of that same sort of oversight happening with other officers that this was a widespread problem, or was there any evidence in the record at all about that? No, the judge has produced no evidence that this was a widespread issue. They have this instance with Mr. Johns. And even if we look further into the actual incidents that would have triggered the early warning system, we have witnesses' statements that corroborate the officer's stories that these suspects were resisting arrest during their arrest. So even these prior instances don't create a pattern or a practice or a custom of an officer engaging in excessive force against a compliant suspect. And even looking back at, I think, the first two red flags, one, wasn't it determined that Officer Johns did not violate policy, did not use excessive force? And then the other one, there was insufficient evidence? Yes, Your Honor, that is the case. And as I briefly stated in the first particular instance, there is witness testimony that the suspect was not compliant. And then in the second instance, the testimony was that it wasn't even Officer Johns who was actually arresting the suspect. It was another officer. So in both of those instances, we do not have a use of excessive force that APD just did not acknowledge. Next, I'll talk about the allegation that there is a deliberate indifference towards officers using excessive force. Of course, as I mentioned earlier, there is an APD policy that prohibits the use of excessive force against officers. Next, we'll move, and so that's the policy. Next, we'll move to the practice. The practice is to train the officers on the appropriate use of force through various means, whether it is a presentation and a slide or actually a use of force simulator. And so that is the custom, excuse me, the practice that we have here. And then the custom is really how this training shows in the real world how it's borne out in real life. And what we have here is three officers in the exact same situation, the same totality of the circumstances, and two of the three officers took their suspects into custody without any use of force, and as per the City of Atlanta police policy. But you would acknowledge that we don't need to just look at this incident, and this is just a snapshot to point to this incident and say the rest of the officers behaved properly. So if we are going to be in any sort of inquiry into deliberate indifference as to whether officers were using force, we could certainly look at what the city has done and the evidence has shown in this case, right, in other situations, right? Yes, Your Honor. What the evidence shows is that there are no other instances that the appellants have brought into evidence or that they can point to that shows that there was a use of excessive force against compliant suspects. Well, and any evidence where officers had used excessive force, the evidence was those officers were disciplined, right? Yes, Your Honor. Next, we'll turn to the persistent and widespread deliberate indifference. What is required by this court and the jurisprudence is that there is a deliberate indifference, not negligence, not any other standard, but deliberately choosing to do a certain action and continue in a course of action after there is actual knowledge of the unconstitutional behavior. Here, I'll touch a little bit on the Dr. Hill's testing of Mr. Johns. Dr. Hill ran a battery of tests on Mr. Johns, psychological tests, and part of that test is to question about the symptoms of PTSD and whether Mr. Johns was exhibiting those symptoms. Dr. Hill testified in his deposition that he questioned Mr. Johns about those specific symptoms and Mr. Johns denied each symptom that would have led to a PTSD diagnosis. And even Mr. Johns in his deposition stated that he never alerted anyone in APD about any symptoms that he was having that would have led anyone to believe that he had PTSD. What about the argument from your friend on the other side that perhaps since he was a veteran, a specific PTSD test should have been offered? I believe that no matter which test was performed, if he was going to lie and say that he did not exhibit those symptoms, it would have been on any test. There was testimony that he gave that he said he felt that there could have been some type of stigmatism, I guess, or stigmatism if he were to have PTSD. However, the testimony is clear that he never exhibited any symptoms, never told anyone about any symptoms, and also denied any type of symptoms when he was originally tested. Thank you. The other issue that I would like to point out is that there has to be a policy of practice or custom under Monell. One incident or isolated incidents will not suffice, and that comes from the city of Canton case. So here, when the appellants argue that we can look at just one instance and say, well, the city of Atlanta must have been doing something wrong, that is incorrect and that is not borne out by the law in this particular jurisdiction. Furthermore, the city of Canton case also states that where there is evidence that something could have been done or should have been done differently, that's not enough to suffice to say that the municipality had a policy, practice, or custom of unconstitutional activity, because that can always be said looking at cases in 20-20 hindsight. Therefore, we respectfully request that this Court affirm the District Court's grant of summary judgment to the city of Atlanta. And I yield the rest of my time. Thank you. Mr. Starks, you have five minutes. I disagree vehemently with the city's characterization of the state of the evidence. But let me say this, the record is clear. We have three psychologists who all say now, because Matthew Johns has PTSD, he is not fit to serve as a police officer. The psychologist who screened him in the beginning, after reviewing the reports of psychologists who screened him later in his career, agreed with their assessment. Does it matter that he now has PTSD? It does matter, Your Honor. This case? Here's why it matters, Your Honor, because he says, Johns, he's had PTSD and symptoms of PTSD throughout his entire career. What if he's been lying in response to psychological tests? That is not for the court to decide. That is for a jury to decide. He has a psychologist who testified at his trial. Well, I don't know that it's up for the jury to decide that the city of Atlanta screened officers, screened Officer Johns, and did the testing when he was an officer candidate. And you can argue with whether that screening is sufficient. But if he was lying in response to all the questions? Your Honor, he was never tested for PTSD. And so I would submit to this court that there's a dispute there. I can dispute before a jury whether this psychologist who said, I asked him this, I asked him that, I can impeach that psychologist who admitted that at the time he screened Johns, there was a battery of tests for PTSD. None of them were done. What about opposing counsel's argument that he gave answers to other questions that would not have been consistent with PTSD, such that even if he had received one of those specific tests, his answers would have been the same? That would also be a material fact that is in dispute. Johns had a psychologist that was hired during the criminal case that evaluated him and said to the sentencing judge, he was suffering from PTSD at the time of this incident. It contributed to what he did. I don't even doubt that, honestly. I mean, I don't, it's not mine to say. It doesn't matter what I think. But I suspect he probably was dealing with PTSD at the time of the incident. But if he didn't give the city any evidence that that was going on, how was it supposed to deal with it? Because our position is that the city never explored or evaluated whether he had PTSD. It wasn't that he just never volunteered it or mentioned it. They never specifically did a battery of tests that would have determined that. So you're challenging the quality of the screening that the city did for officer candidates. That's correct. And we had an expert. But you're not challenging the facts of what happened when Officer Johns was being evaluated, before he was admitted. I think there's an admission from the psychologist that he never tested him for any of, he never used any of the battery of tests for PTSD. The other thing that, and I suppose the best I can do with the time I have left, the city supplemented their brief with a case. And this case goes to a point that I think is being missed. Deliberate indifference with respect to training can be shown in two ways. A pattern, but also an obvious need to train. And an obvious need to train is the fact that we know that police officers are going to have encounters with citizens who they have to subdue or place under arrest or take into custody. Our position is that we have evidence that that training being provided to APD officers, Dr. Gout evaluated hundreds of use of force reports where physical force was used. There is a material dispute of fact regarding whether or not there is a pattern in those use of force incidents regarding whether the use of force was appropriate. That is a question of fact. I thought you said we didn't need a pattern. Two ways, a pattern or an obvious need to train. What I'm saying is that we have both. We have the pattern evidence through Dr. Gout who says I've looked at hundreds of use of force incidents. And the same thing that Johns did to Payne, which the city fired Johns for, Dr. Gout says officers are doing those exact same things to other citizens. But if the officers who are doing that are being disciplined? Your Honor, they are not being disciplined. And the extent to which the city represents that to you, that is not in the record. And I would submit to the court that despite any disposition by the city, that does not mean there's not a question of fact for the jury to decide. Did the city get it right? There's a case where Matthew Johns beat up a suspect. It's in the record. Mr. Thomas, if you look at his face, there's a question of fact about even though the city said we can't prove he used excessive force, I would be entitled to put Mr. Thomas on the witness stand to show the pictures of his battered face and have a jury decide. Did the city clear their officer out of bias or did they really get it right? And so my position is that there is evidence on the record, a considerable amount of evidence, even though the trial court sort of created this straw man and said there are no specific facts that support any of this. It's wrong, Your Honor. It's improper. It's inconsistent with the summary judgment standard, and it's not fair. The trial court didn't even address. And I'm going to ask you to wrap up this. You're exceeding your time, but if you could wrap that up. The trial court did not even address. If you look at the written opinion of the trial court, it does not even address the plaintiff's expert testimony. It's not up to the trial court to weigh evidence and make credibility determinations. That's what the court did. Thank you. Thank you both. We have the case under advisement. Thank you.